Abraham Bates (12440)
Taralyn Jones (11315)
**WASATCH ADVOCATES LLC**
4525 Wasatch Blvd. Ste. 300
Salt Lake City, Utah 84124
Telephone: (801) 662-0077
Facsimile: (801) 662-0082
Email: abe@slclawfirm.com
Email: tara@slclawfirm.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TIMOTHY R. BELL, an individual; and JENNIFER BELL an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE BANK, N.A d/b/a BANK OF AMERICA CORPORATION, et al.,<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE MEMORANDUM OF LAW TO SUPPLEMENT PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:11-cv-00271<br><br>Judge: Bruce  Jenkins |

Plaintiffs Timothy R. Bell and Jennifer Bell, by and through counsel, hereby file this

Memorandum in Opposition to Defendants' Motion to Strike Memorandum of Law to

Supplement Plaintiffs' Opposition to Defendants' Motion to Dismiss.

According to DUCivR 7-1(b)(5):

[w]hen pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed…but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations.

First, Plaintiffs' Memorandum of Law (the "Memorandum") contains three different authorities which Plaintiffs find significant and the authorities came to Plaintiffs' attention after they opposed Defendants' Motion to Dismiss.   Second, Plaintiffs filed the Memorandum before the Court issued a decision on the Motion to Dismiss.  Third, while the Memorandum may not be entitled "Notice", it is a notice and the cited cases obviously address specific arguments made in Plaintiffs' opposition (substance over form) such as the questions of duty and oral modifications of existing contracts.  Further, the Memorandum contains quotes from the cases as the "reasons for the supplemental citations."  *Id*.  The quotations do not constitute argument when they are merely quotations with no analysis. Therefore, Plaintiffs have properly filed citations of supplemental authority as permitted by the District of Utah's Civil Rules.

Defendants contend that the Memorandum is "clearly a sur-reply".  Motion to Strike ¶ 2.  Defendants cite to several cases in support of their theory, but each case is clearly distinguishable from the instant case and Defendants' citations are unpersuasive.  In *Andersen v. Homecomings Financial, LLC et al.*, the plaintiff filed a supplemental response in which an affidavit and hearing transcript from another case were attached as exhibits. Case No. 2:11-cv-332 (TS), Opinion dated June 20, 2011 at page 6.  Unlike the instant case, the supplement in *Andersen* was unrelated to supporting authorities which had come to the plaintiff's attention after his opposition was filed.  In *Anastasion v. Credit Services of Logan, Inc.*, the plaintiff apparently had an extension granted for opposition, she filed her opposition, but then proceeded to file an amended version and "abridged" version thereof. Case No. 2:08-cv-180 (TS), Opinion dated July 12, 2010 at page 1.  Plaintiffs have not re-

filed their opposition or any other argumentative pleading.  Further, Plaintiffs have not sought to "ignore the rules and file briefs at [their] leisure".  *Id.*  Lastly, in *Orient Mineral v. Bank of China*, the plaintiff "filed three supplemental memoranda submitting additional argument".  2010 WL 624868, at *2 (D. Utah Feb. 19, 2010).  Plaintiffs have not filed numerous supplements and the Memorandum does not contain additional argument.

The instant case is clearly distinguishable from those cited by Defendants.  Plaintiffs have submitted notice to the Court and opposing counsel of "Citations of Supplemental Authority" in conformity with the District of Utah's Civil Rules.  Plaintiffs have not sought to supplement additional argument as a "sur-reply in response to Defendants' Reply Brief".  Motion to Strike ¶ 2.  Lastly, Defendants' contention that the Memorandum "does not contain new authority since the filing of their Opposition Brief" should be disregarded.  Motion to Strike ¶ 4.  The rule only requires "pertinent and significant authorities [that] come to the attention of a party after the party's memorandum has been filed".  DUCivR 7-1(b)(5).  The cases do not have to be "new authority".

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike should be denied and the Court should allow Plaintiffs' Supplemental Memorandum in Support of the Opposition.

Respectfully submitted this 19th day of July, 2011.

_____
Taralyn Jones
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing, **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE MEMORANDUM OF LAW TO SUPPLEMENT PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** to be served upon the following parties by US MAIL, postage prepaid, on the 20th day of July, as follows:

Philip D. Dracht
FABIAN & CLENDENIN, P.C.
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
*Attorney for COUNTRYWIDE BANK, N.A., BAC HOME LOANS SERVICING, L.P., MERS, BANK OF NEW YORK MELLON FKA BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE OF HOLDERS CWALT, ALTERNATIVE LOAN TRUST 2007 – OA6, MORTGAGE PASS THOUGH CERTIFICATES, RECONTRUST COMPNAY NA, and STEWART MATHESON.*

Stephen D. Kelson
**KIPP & CHRISTIAN, P.C.**
10 Exchange Place, 4th Floor
Salt Lake City, UT 84111
*Attorney for Bodell-Van Drimmelen Associates*

Khalia Eteuati
Paralegal

4